IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JERRY FISHEL, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-3582 |
| | § | |
| RECONTRUST COMPANY, N.A. and | § | |
| BANK OF AMERICA, N.A., | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss [Doc. # 16] filed by Defendants ReconTrust Company, N.A. ("ReconTrust") and Bank of America, N.A. ("BOA"), to which Plaintiff Jerry Fishel filed a Response [Doc. # 18], and Defendants filed a Reply [Doc. # 19]. Having reviewed the full record and applied governing legal authorities, the Court **grants** the Motion to Dismiss.

### I.  BACKGROUND

Plaintiff obtained a home equity loan in November 2004. In 2009, Plaintiff negotiated a loan modification. Plaintiff alleges that his loan is serviced by BOA, and that he was in arrears on his home equity loan payments. Plaintiff alleges that he "received an advertisement from a 'foreclosure prevention' service stating that Recon Trust would be foreclosing upon his home on September 6, 2011." *See* First

Amended Complaint [Doc. # 11], ¶ 7. There is no allegation that the "foreclosure prevention service" is affiliated in any way with either Defendant. Plaintiff alleges that the advertisement was sent to him "based on false statements made by Recon as part of its efforts to enforce a security interest allegedly held by Wells Fargo." *Id.*

Plaintiff in his First Amended Complaint asserts a claim against ReconTrust and a claim against BOA for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692f(6). Plaintiff alleges that Defendants violated the FDCPA "by threatening to take a non-judicial action to effect dispossession or disablement of property when there was no present right to possession of the property claimed as collateral through an enforceable security interest and the property was exempt by law from such dispossession." Plaintiff also asserts a claim that Defendants conspired to violate the FDCPA. Plaintiff seeks statutory damages of $4,000.00, "actual damages" of $200,000.00, and mental anguish damages of $20,000.00.

Defendants moved for summary judgment on the Original Petition. Defendants asserted, *inter alia*, that Plaintiff failed to allege that they engaged in "debt collection" as required to state a claim for relief under the FDCPA. Plaintiff filed the First Amended Complaint, and the Court denied the Motion for Summary Judgment as moot. Defendants then moved to dismiss the First Amended Complaint, arguing again

that Plaintiff failed to allege that they engaged in "debt collection" activities. The Motion to Dismiss has been fully briefed and is now ripe for decision.

## II.     STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Id.* The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1950. Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

## III.    ANALYSIS

Plaintiff asserts that Defendants violated Section 1692f(6) of the FDCPA, which prohibits a "debt collector" from "[t]aking or threatening to take any

nonjudicial action to effect dispossession or disablement of property if . . . (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement." 15 U.S.C. § 1692f(6).

Plaintiff has failed to allege facts supporting the FDCPA claim. There is no allegation that either Defendant sent anything to Plaintiff. Indeed, the allegation is that the advertisement came from a third party. In his Response to the Motion to Dismiss, Plaintiff asserts that "ReconTrust made affirmative statements to the public that it would conduct a non-judicial foreclosure to which neither it nor Bank of America . . . had a present right." *See* Response [Doc. # 18], pp. 1-2. There are no factual allegations in the First Amended Complaint, however, regarding any public statements by ReconTrust.

There is no allegation that either Defendant took nonjudicial action to effect dispossession of Plaintiff's property. Indeed, Plaintiff alleges that he "never received a notice of acceleration of the note" and that "neither [BOA] nor Recon filed the required Rule 736 application necessary to proceed in foreclosure of a property with a home equity loan." *See* First Amended Complaint, ¶ 7. These allegations are inconsistent with taking nonjudicial action against Plaintiff's property. Additionally,

Plaintiff alleged specifically in his Original Petition that the statement in the advertisement regarding the foreclosure was false. *See* Original Petition [Doc. 1-1], p. 3.

There is no factual allegation indicating that the advertisement contained a threat to take nonjudicial action against Plaintiff's property or otherwise attempted to collect a debt from Plaintiff. The only factual allegation is that an unidentified, unrelated third party sent Plaintiff an advertisement falsely representing that Plaintiff's property was scheduled for foreclosure. Plaintiff has cited no legal authority, and this Court is aware of none, holding that a factual allegation of this nature would support an FDCPA claim against the named Defendants.

### IV.   CONCLUSION AND ORDER

Plaintiff in the First Amended Complaint has failed to allege a factual basis for his claims against Defendants. As a result, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 16] is **GRANTED**. The Court will issue a separate Dismissal Order.

SIGNED at Houston, Texas this **12th** day of **June, 2012**.

_____
Nancy F. Atlas
United States District Judge